State of N.Y. ex rel. Solomon v Siemens Elec., LLC (2022 NY Slip Op 00746)





State of N.Y. ex rel. Solomon v Siemens Elec., LLC


2022 NY Slip Op 00746


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Manzanet-Daniels, J.P., Webber, Oing, Mendez, Higgitt, JJ. 


Index No. 101034/17, 100422/18 Appeal No. 15225-15226 Case No. 2021-02889 2021-02890 

[*1]State of N.Y. ex rel. Solomon
v
Siemens Elec., LLC 


Robert W. Sadowski PLLC, New York (Robert W. Sadowski of counsel), for appellant.
Binder & Schwartz LLP, New York (Wendy H. Schwartz of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered July 9, 2021, which granted the motion of defendants Siemens Electrical, LLC and Siemens Industry, Inc. to dismiss the second amended complaint, unanimously affirmed, without costs. Order, same court and Justice, entered July 9, 2021, which granted defendants' motion to dismiss the corrected second amended complaint in the follow-on action asserting claims under the New York False Claims Act, State Finance Law §§ 187 et seq. (the NYFCA), unanimously affirmed, without costs.
Supreme Court correctly found that the claims under the NYFCA concerning the reports by plaintiff/relator (relator) of electrical code violations by defendants at the Croton Water Filtration Plant are unsustainable for a lack of materiality. The documentary evidence showed that the government continued to make contract payments, despite actual knowledge that defendants had violated certain contractual and code requirements and despite the possibility of continuing violations (see Universal Health Servs., Inc. v U.S. ex rel. Escobar, 579 US 176, 294 [2016]; United States ex rel. Kolchinsky v Moody's Corp., 2017 WL 3841866 [SD NY, Sept. 1, 2017, No. 12-CV-1399, at *2-3]). That the government knowingly continued to make the requested contract payments after relator alerted it to the existence of numerous code violations and after undertaking its own investigation provides a proper basis for dismissal of the NYFCA claims.
The court also properly dismissed relator's claim against defendant Siemens Industry, Inc. for retaliation under State Finance Law § 191, as he failed to adequately plead actionable retaliatory activity. Mere conclusory allegations that Siemens Industry, in retaliation for relator's complaints about the code violations, instigated a scenario in which relator's employer reneged on and violated agreements with him are insufficient to state a claim for retaliation.
Based on the application of the NYFCA's public disclosure bar and the finding that the relator failed to adequately allege that he was an original source of the relevant factual allegations, Supreme Court correctly dismissed the follow-on action alleging NYFCA violations based on defendants' participation in a construction union gratis pay scheme — that is, billing for hours not actually worked — at the Croton Water Filtration Plant. Here, there were, in fact, prior public reports of numerous, actual instances of an industry-wide fraud that led to public criminal settlements involving specific industry players (see United States ex rel. Chen v EMSL Analytical, Inc., 966 F Supp 2d 282, 296-297 [SD NY 2013]; United States ex rel. Silver v Omnicare, Inc., 903 F3d 78, 83 [3d Cir 2018], cert denied 140 S Ct 202 [2019]; United States ex rel. Gear v Emergency Med. Assoc. of Illinois, Inc., 436 F3d 726, 728 [7th Cir 2006]).
Relator makes conclusory assertions that he is an original source of the information regarding the gratis pay scheme [*2]at the Croton Plant based on information gleaned from his position as a high-level insider of defendants and an employee at the Croton site who worked with union members and accounting staff, many of whom he knew personally. However, these assertions do not constitute statements of specific underlying fact, going beyond those that were already publicly disclosed, that are necessary to sustain his claims. It is not enough for relator to assert that he knows, based on his awareness of the prevalence of the gratis pay scheme in the industry and his unspecified claims of experiences and observations at the Croton Plant, that the invoices contained false submissions of payment for overtime hours not actually worked (see e.g. State of N.Y. ex rel. Seiden v Utica First Ins. Co., 96 AD3d 67, 72 [1st Dept 2012], lv denied 19 NY3d 810 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022